SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MORGAN P. FORSEY, Cal. Bar No. 241207
KEAHN N. MORRIS, Cal. Bar No. 273013
AMANDA E. BECKWITH, Cal. Bar No. 312967
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        mforsey@sheppardmullin.com
              kmorris@sheppardmullin.com
              abeckwith@sheppardmullin.com

Attorneys for A-Para Transit Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DARRYL FOSTER on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>A-PARA TRANSIT CORP.; and DOES 1-100,<br><br>Defendants. | Case No.<br><br>*[Alameda County Case No. RG18920985]*<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed: September 18, 2018 |

-1-

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant A-Para Transit Corp. ("Defendant") hereby removes the matter of *Darryl Foster v. A-Para Transit Corp.*, pending in the Superior Court of the State of California for the County of Alameda, Case No. RG18920985, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1445(a), (b), and (d). The removal is based on the existence of a federal question, as Plaintiff Darryl Foster's ("Plaintiff") claims substantially depend on the interpretation of a collective bargaining agreement ("CBA") and thus, his claims are preempted under Section 301 of the Labor Management Relations Act ("Section 301"). 29 U.S.C. § 185. This Court has original jurisdiction over the action pursuant to its federal question jurisdiction for the following reasons:

## I.  CLAIMS AND PROCEDURAL HISTORY

1.     The Complaint in this action was filed in Alameda County Superior Court on September 18, 2018 and assigned Case No. RG18920985. A In the Complaint, Plaintiff alleges: (1) failure to pay all straight time wages; (2) failure to pay all overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to authorize and permit recovery periods; (6) knowing and intentional failure to comply with itemized employee wage statement provisions; (7) failure to pay all wages due at the time of termination of employment; (8) violation of unfair competition law; and (9) failure to provide a copy of personnel records within 30 days of receiving personnel file requests from employees.

2.     Plaintiff served his Complaint on Defendant on or about September 19, 2018 by substituted service. Plaintiff also served Defendant with a Summons and a Civil Case Cover Sheet. True and correct copies of these documents are attached as **Exhibits A-C**.

3.     On September 19, 2018, the Court issued a Notice of Complex Determination Hearing on October 30, 2018 and Case Management Conference. A true and correct copy of the Notice is attached as **Exhibit D**.

4.     On September 21, 2018, Plaintiff served Defendant with the Proof of Service of the Complaint. A true and correct copy of the Proof of Service is attached as **Exhibit E**.

5.      Exhibits A-E contain all process, pleadings, and orders served on Defendant in accordance with 28 U.S.C. 1446(a).  No other proceedings have been held in this action.

6.      Plaintiff did not expressly enumerate any claim under federal law or make any mention that the adjudication of his claims relies on an interpretation of the CBA(s).  However, Plaintiff and the class of employees he seeks to represent is largely comprised of members of the Amalgamated Transit Union, Local 192  (the "Union") and who worked in positions covered by a valid collective bargaining agreement ("CBA").  (Declaration of Gina Kumar ("Kumar Decl."), ¶ 4.)  Plaintiff cannot avoid preemption by omitting an allegation that the terms and conditions of the majority of the non-exempt California employees employed by Defendant that he seeks to represent were subject to a CBA.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.  This district and division embraces the County of Alameda where the action is pending in the Superior Court of California, County of Alameda.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.  ALL NECESSARY PARTIES HAVE JOINED THIS REMOVAL

8.      A-Para Transit Corp. is the only named defendant in this action.  Although the Complaint names Doe defendants, Doe defendants need not join in a Notice of Removal.  *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("[o]ur circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves").

## III.  TIMELINESS OF REMOVAL

9.      Defendant was deemed served on September 29, 2018, by substituted service.  Defendant has removed this case within 30 days of first receiving a paper from which Defendant could discern that the matter is removable under federal question grounds as a result of Section 301 preemption, which occurred when service was completed on September 29, 2018.  *See* 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

-3-

1  paper from which it may first be ascertained that the case is one which is or has become

2  removable"). Accordingly, this notice of removal is timely.

3  **IV.  FEDERAL QUESTION JURISDICTION BASED ON SECTION 301 PREEMPTION**

4       10.     This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be

5  removed pursuant to the provisions of 28 U.S.C. § 1441(a) and (c) in that it is a civil action that

6  presents a federal question.

7       11.     Federal question jurisdiction arises out of the fact that adjudication of Plaintiff's

8  claims require interpretation of the terms of a CBA and thus are completely preempted by federal

9  law under the LMRA.  29 U.S.C. § 185.  Section 301 of the LMRA provides that: "[s]uits for

10  violation of contracts between an employer and a labor organization representing employees in an

11  industry affecting commerce . . . may be brought in a district court for the United States having

12  jurisdiction of the parties without regarding to the amount in controversy or without regarding to

13  the citizenship of the parties." *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir.

14  2000).  To ensure uniform interpretations of CBAs, federal common law preempts the use of state

15  contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v.*

16  *Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

17       12.     Further, all state law claims raised by an employee that require interpretation of a

18  collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp.*

19  *v. Lueck*, 571 U.S. 202, 211 (1985).  "The preemptive force of section 301 is so powerful that it

20  displaces entirely any state cause of action for violation of a collective bargaining agreement   . . .

21  any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v.*

22  *Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*,

23  272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the

24  Supreme Court has found that Congress intended completely to replace state law with federal law

25  for purposes of federal jurisdiction").

26       13.     Section 301 specifically has been held to preempt California state law claims that

27  are substantially dependent upon interpretation of a collective bargaining agreement. *Firestone*,

28  219 F.3d at 1066–67; *Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, *1, 17 (E.D. Cal. Aug.

-4-

29, 2013) (Labor Code claims preempted by the LMRA because their "resolution … is 'substantially dependent upon' the terms of the CBA").  This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action.  *See Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").

### A.    Plaintiff and the Putative Class Members Are Covered by a CBA

14.    Plaintiff was employed by Defendant from July 2016 until his resignation on December 1, 2016.  Plaintiff's entire employment was covered by a CBA.  Through his Complaint, Plaintiff seeks unpaid wages, penalties, and other relief on behalf of himself and all other class members.

15.    Defendant is a private employer providing paratransit transportation services to the elderly and disabled in the Bay Area of California.  (Kumar Decl., ¶ 4.)  The vast majority of Defendant's  commercial drivers, including Plaintiff, are subject to a CBA between A-Para and the Union.  (*Id.*)

16.    Defendant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

17.    Amalgamated Transit Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

18.    Article 1 of the CBA specifically states that the Union is the exclusive representative for the drivers covered by the CBA.  (Kumar Decl., Ex. 1, p. 1, Article 1.)

### B.    Plaintiff's Claims Are Preempted by the LMRA Because They Require Substantial Interpretation of Various Provisions of the CBA

#### i.    Plaintiff's Failure to Reference Section 301 of the LMRA in His Complaint Does Not Preclude Removal

19.    The Complaint omits the fact that Plaintiff worked in a position covered by the CBA.  However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint.  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*,

-5-

702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).  Thus, the fact that Plaintiff has not made specific reference to the CBA or to Section 301 in his Complaint will not preclude removal.  *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).  The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301.  *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

20.    An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law").

###### ii.    Plaintiff's Claims Are "Inextricably Intertwined" with Consideration of the Terms of the CBA

21.    The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA.  Plaintiff asserts Defendant: (1) failed to pay all straight time wages; (2) failed to pay all overtime wages; (3) failed to provide meal periods; (4) failed to authorize and permit rest periods; (5) failed to authorize and permit recovery periods; (6) knowing and intentional failed to comply with itemized employee wage statement provisions; (7) failed to pay all wages due at the time of termination of employment; (8) violated the unfair competition law; and (9) failed to provide a copy of personnel records within 30 days of receiving personnel file requests from employees.  Plaintiff alleges these violations on behalf of himself and all other non-exempt, hourly drivers, bus drivers, bus operators, or similar job designations currently or formerly employed by Defendant.  Thus, Plaintiff's claims cannot be adjudicated without

interpretation of numerous CBA provisions that govern the employment of a majority of Defendant's employees.

22.    The applicable CBA and side letters contain language governing time worked, wages, overtime, and meal and rest periods.  The CBA also provide for a grievance process and requires binding arbitration to resolve any disputes arising under the CBAs.  Because Plaintiff's alleged claims implicate terms and conditions that have bargained for and are expressly covered by the provision of the governing CBA, resolution of Plaintiff's claims asserted on behalf of all of Defendant's non-exempt employees will require the Court to interpret, at a minimum, all of these provisions:

23.    **Wages, Hours, and Overtime.**  The CBA and side letters set forth the parties' mutual agreement regarding all issues pertaining to employee wages, hours, and overtime.  There are a number of provisions in the CBA that must be interpreted, including but not limited to hours of work, pay dates, minimum pay, overtime pay, pre-trip compensation, shift start and end times, show-up time, excess hours, call-outs, and special shifts.  (Kumar Decl., Ex. 1, p. 3-6, Article 6, Sections 1, 2, 3, 4, 5, 6, Article 8; Ex. 2.)  For example, Article 3, Section 3 of the CBA provides that:  "A driver shall not report for or perform any work prior to the scheduled start time of their shift."  (*Id.* at Article 6, Section 3.)  Section 4 provides additional compensation, 15 minutes of compensable work time for van drivers and 10 minutes for sedan drivers, for performing pre-trip duties.  (*Id.* at Article 6, Section 4.)  Section 5 provides that "A driver's work time ends after their last trip is concluded, the vehicle is returned to the yard and their post-trip is completed."  (*Id.* at Article 6, Section 5.)  Plaintiff alleges that he and putative class members were denied regular and overtime wages because Defendant had a policy of "not paying" for all hours worked, including ""before clocking in," "after clocking out," and during meal periods.   Thus, under Plaintiff's theory of liability, it is necessary to interpret the CBA's provisions concerning pre and post shift work (*Id.* at Sections 3 and 4), when compensable work time begins and ends (*Id.* at Section 5), and the provision of additional compensation.  (*Id.*)

24.    California Labor Code section 514 and Wage Order No. 9 provide that overtime, alternative workweeks, and meal and rest period requirements <u>do not apply</u> to employees covered

NOTICE OF REMOVAL

by a valid CBA, so long as the CBA provides wages, hours of work, working conditions, premium wage rates for all overtime hours worked, and wages for all regular hours worked are not less than 30% more than the state's minimum wage.  Here, the CBA meets those criteria: it provides for wages, hours, and working conditions; and specifically calls for and defines premium pay for all overtime hours worked; in addition to requiring that employees be paid at an hourly rate of more than 30% above the state minimum wage.  As a result, the CBAs here must be interpreted to resolve Plaintiff's claims.

25.    **Meal Breaks.**  The CBA lays out the conditions under which Defendant's employees are entitled to meal breaks.  The CBA provides: "Eight (8) hours completed within eight (8) consecutive work hours, excluding an unpaid and duty-free meal period, shall constitute a work day"; "meal periods are duty-free and are, therefore, unpaid and not considered hours worked"; "each driver who works a period of more than five (5) hours in a day shall take an unpaid meal period of at least thirty (30) minutes in duration"; "each driver who works a period of more than ten (10) hours in a day shall take a second unpaid meal period of at least thirty (30) minutes in duration"; "during a meal period, a driver is relieved of all duty and may not perform any work"; "there is no paid travel time for a meal period"; "the time and duration of a driver's unpaid meal period shall be determined by their manifest for the day and based upon the demands of the Client"; "a meal period will be deemed to begin at the time of the last drop off immediately prior the meal period" and "continue until a driver begins to drive to his/her first pickup immediately following a meal period"; and "a driver will enter the time they begin and end a meal period on their manifest." (Kumar Decl., Ex. 1, p. 3-5, Article 6, Sections 1, 2, 8.)  Plaintiff alleges that he and putative class members were denied meal periods and improperly compensated because Defendant had a policy of not allowing meal periods unless scheduled, assigning too much work, and "clocking out Plaintiffs and those similarly situated for thirty (30) minute meal periods" even though they were allegedly not taken.   To adjudicate Plaintiff's meal period claim, it is necessary to interpret the CBA's provisions defining the start and end time of meal periods, scheduling and recording meal periods, and the duration of a meal period (Section 8).

26.     **Rest Breaks.**  The CBA lays out the conditions under which employees are entitled to rest breaks.  The CBA provides:  each driver shall "take a ten (10) minute rest period, which, insofar as practicable, shall be in the middle of each driver's work period which for the purpose of this section is defined as four consecutive work hours or major fraction thereof"; "based on the demands of their run on any given day, each driver will determine when to take their paid rest period, focusing primarily on daily down time during a run due to ride cancellations and/or rider no-shows as an appropriate time for their rest period"; "a driver who believes that the demands of their run will not permit him/her to take a rest period in or about the middle of a work period may contact the dispatcher to address the situation"; and "a driver whose total daily work time is less than three and one-half (3½) hours is not authorized to take a rest period"; and "a driver may not combine a paid rest period with an unpaid meal periods."  (Kumar Decl., Ex. 1, p. 5, Article 6, Section 7.)  Plaintiff alleges that Defendant did not authorize and permit rest periods because Defendant assigned too much work.  To adjudicate this claim, the CBA's rest period provision, including but not limited to the requirement that drivers "contact the dispatcher" if they believe that the "demands of their run will not permit him/her to take a rest period in or about the middle of a work period," and that "each driver will determine when to take their paid rest period." (*Id.* at Section 7.)

27.     **Rounding.**  Plaintiff alleges Defendant underpaid Plaintiff and those similarly situated because of an alleged rounding practice, or "dinging," "shaving," or "scrubbing." Because the CBA has provisions detailing the wages, overtime, hours, pre and post shift work, recording meal periods, and the provision of additional compensation for certain pre- and post-shift activities, determining whether or not Defendant and the Union actually contemplated rounding in the wages and hours worked provisions of the CBAs requires analyzing the CBAs and any supporting documents to determine the parties' intent in the negotiation process.

28.     **Grievance and Arbitration Procedure.**  Additionally, the grievance and arbitration procedure set forth in the CBA covers "any controversy…arising out of or by virtue of this Labor Agreement."  (Kumar Decl., Ex. 1, p. 15, Article 17, Section 1.)  The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption.  State court

1   lawsuits properly removed on preemption grounds may then be deferred to arbitration, if the

2   parties to the CBA have so agreed.  *See Livadas v. Bradshaw*, 512 U.S. 107, 142, fn. 18 (1994).

3   Here, the parties have so agreed, and the claims are therefore subject to arbitration as discussed

4   above.  Accordingly, an alleged violation of the CBA is subject to the grievance and arbitration

5   procedures set forth therein.  As all of Plaintiff's claims are in essence alleged violations of the

6   relevant CBA, the Court will necessarily have to interpret the grievance and arbitration provisions

7   to analyze Plaintiff's claims in this case.

8        29.    Amidst Plaintiff's numerous allegations against Defendant, one claim is

9   particularly important in resolving this jurisdictional issue before the Court.  Plaintiff's meal

10  period claim under Labor Code section 512(a) is subject to an express exemption under a clause

11  that specifically excludes employees covered by a valid CBA from having a cause of action under

12  that section.  Labor Code section 512(e) states that subsection 512(a) does not apply to

13  "commercial drivers," and employees whose work includes "maintenance, improvement, and

14  repair, and any other similar or related occupation or trade" when the employee is covered by a

15  CBA meeting certain requirements.  The additional CBA requirements are: "The valid collective

16  bargaining agreement expressly provides for the wages, hours of work, and working conditions of

17  employees, and expressly provides for meal periods for those employees, final and binding

18  arbitration of disputes concerning application of its meal period provisions, premium wage rates

19  for all overtime hours worked, and a regularly hourly rate of pay of not less than 30 percent more

20  than the state minimum wage rate."  Accordingly, to resolve Plaintiff's meal break claim, it will be

21  necessary to interpret the relevant CBA to determine whether the disputed provision satisfies the

22  requirements of Labor Code section 512(e).  *See Coria v. Recology, Inc.,* 63 F.Supp.3d (N.D. Cal.

23  2014) (plaintiff's class allegation alleging failure to provide meal periods preempted by Section

24  301 of the LMRA).

25       30.    Accordingly, Plaintiff's claims arise under Section 301 of the LMRA, and is

26  therefore preempted by federal law.  Removal to federal court is thus warranted.

27

28

## V. SUPPLEMENTAL JURISDICTION

31.     The Court has supplemental jurisdiction over any of Plaintiff's remaining state law claims to the extent they are not completely preempted by Section 301 or are not so inextricably intertwined with or dependent on an interpretation of the CBAs, because they relate to and emanate from the same employment relationship between Plaintiff and Defendant that is the subject of the federal question claims.  All the pleaded claims thus emanate from and form part of the same "case or controversy," such that they should all be tried in one action.  *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint.  *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).  Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove all of Plaintiff's claims to this Court.

## VI. NOTICE TO PLAINTIFF AND STATE COURT

32.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda, as required by 28 U.S.C. § 1446(d).

33.     **WHEREFORE**, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Alameda, to this Court and Defendant prays that it be so removed.

Dated:  October 29, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
        /s/ Amanda E. Beckwith
        MORGAN P. FORSEY
        KEAHN N. MORRIS
        AMANDA E. BECKWITH

Attorneys for A-Para Transit Corp.

-12-

# EXHIBIT A

21042026

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  Jamie Serb, Esq. (289601)
   Tony Roberts, Esq. (315595)
3  Alexandra Shipman, Esq. (314883)
   **THE TURLEY & MARA LAW FIRM, APLC**
   7428 Trade Street
4  San Diego, California 92121
   Telephone: (619) 234-2833
5  Facsimile: (619) 234-4048

**FILED**
**ALAMEDA COUNTY**

SEP 18 2018

CLERK OF THE SUPERIOR COURT
By _Sue Pesho_
                              Deputy

Attorneys for DARRYL FOSTER, on behalf of himself,
all others similarly situated, and on behalf of the general public.

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF ALAMEDA

7

8

| | |
|---|---|
| DARRYL FOSTER on behalf of himself, all others similarly situated, and on behalf of the general public, | Case No. **RG18920985** |
| Plaintiffs, | **PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION** |
| v. | |
| A-PARA TRANSIT CORP.; and DOES 1-100, | 1) Failure to Pay All Straight Time Wages; |
| DEFENDANTS. | 2) Failure to Pay All Overtime Wages; |

9) Failure to Provide a Copy of Personnel Records Within 30 Days of Receiving Personnel File Requests from Employees (Lab. Code §1198.5.)

Detailed causes of action:

1) Failure to Pay All Straight Time Wages;
2) Failure to Pay All Overtime Wages;
3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8 § 11090);
4) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090);
5) Failure to Authorize and Permit Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title 8 § 3395);
6) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);
7) Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);
8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).
9) Failure to Provide a Copy of Personnel Records Within 30 Days of Receiving Personnel File Requests from Employees (Lab. Code §1198.5.)

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT                    1

Plaintiff DARRYL FOSTER, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of DEFENDANTS A-PARA TRANSIT CORP. and/or DOES and for causes of action and alleges:

1. This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, DARRYL FOSTER, and all non-exempt, hourly drivers, bus drivers, bus operators, or similar job designations who are presently or formerly employed by A-PARA TRANSIT CORP. and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2. At all times mentioned herein, A-PARA TRANSIT CORP. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites. At all times during the liability period, A-PARA TRANSIT CORP. and/or DOES have conducted business in Alameda County and elsewhere within California.

3. At all times mentioned herein, A-PARA TRANSIT CORP. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees with job titles including, drivers, bus drivers, bus operators (hereinafter "non-exempt employees").

4. At all times mentioned herein, the common policies and practices of A-PARA TRANSIT CORP. and/or DOES were a direct cause of DEFENDANT'S and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked.

6. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a continuous and widespread policy of not paying Plaintiff and those similarly situated for all hours they

worked, including before clocking in for their work shift, after clocking out for their work shift, and during unpaid meal periods. Further, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a continuous and widespread policy to shave the time Plaintiff and those similarly situated worked (referred to as "time shaving").

7. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods, even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

8. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the California Labor Code and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

9. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

10. For at least four (4) years prior to filing of this action and through the present, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a

1  second meal period of not less than thirty (30) minutes as required by the applicable Wage

2  Order of the IWC.

3  11.  For at least four (4) years prior to the filing of this action and through to the present,

4  DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a consistent policy

5  of requiring Non-Exempt Employees within the State of California, including Plaintiff, to

6  work over ten (10) hours without providing an additional, uninterrupted meal period of

7  thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees'

8  regular rate of compensation for each workday that the meal period is not provided, or

9  other compensation, as required by California's state wage and hour laws.

10  12.  For at least four (4) years prior to the filing of this action and through to the present,

11  DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a consistent policy

12  and/or practice of requiring its Non-Exempt Employees within the State of California,

13  including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10

14  minute rest period, and failing to pay such employees one (1) hour of pay at the employees'

15  regular rate of compensation for each workday that the rest period is not provide, or other

16  compensation, as required by California's state wage and hour laws.

17  13.  For at least four (4) years prior to the filing of this action and through to the present,

18  DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have had a consistent policy

19  and/or practice of failing to provide Plaintiff and its Non-Exempt Employees with cool

20  down recovery periods in accordance with California Code of Regulations, Title 8, section

21  3395.

22  14.  For at least four (4) years prior to the filing of this action and through to the present,

23  DEFENDANTS A-PARA TRANSIT CORP. and/or DOES and/or their officers and/or

24  managing agents have had a consistent policy and/or practice of willfully failing to provide

25  to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

26  15.  For at least four (4) years prior to the filing of this action and through to the present,

27  DEFENDANTS A-PARA TRANSIT CORP. and/or DOES and/or their officers and/or

28

managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left DEFENDANTS A-PARA TRANSIT CORP. and/or DOES employ or who were terminated.

16. For at least four (4) years prior to the filing of this action and through to the present, A-PARA TRANSIT CORP. and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

17. Throughout the statutory period, A-PARA TRANSIT CORP.'S and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

18. Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

19. A-PARA TRANSIT CORP. and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

20. A-PARA TRANSIT CORP. and/or DOES failed to comply with Lab. Code §1198.5 by failing to provide a copy of personnel records within 30 days of the filing of personnel file requests.

21. A-PARA TRANSIT CORP. and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in

wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

22. A-PARA TRANSIT CORP.'s and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of A-PARA TRANSIT CORP.'s and/or DOES' duty owed to Plaintiff and the proposed class.

23. Throughout the statutory period, A-PARA TRANSIT CORP.'S and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

24. DEFENDANTS A-PARA TRANSIT CORP. and/or DOES are and were aware that Plaintiff and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and deliberate.

25. DEFENDANTS A-PARA TRANSIT CORP. and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiff and the proposed class, creating a joint-employer relationship over Plaintiff and the proposed class.

26. Plaintiff DARRYL FOSTER, on behalf of himself and all of A-PARA TRANSIT CORP.'S and/or DOES' Non-Exempt Employees, brings this action pursuant to California Labor Code sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, 1198.5, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

27. Plaintiff DARRYL FOSTER, on behalf of himself and all putative Class members made up of A-PARA TRANSIT CORP.'S and/or DOES' non-exempt employees, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits A-PARA TRANSIT CORP. and/or

DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## I.   VENUE

28. Venue as to each DEFENDANT, A-PARA TRANSIT CORP. and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. DEFENDANTS A-PARA TRANSIT CORP. and/or DOES conduct business and commit Labor Code violations within Alameda County, and each DEFENDANT and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Alameda County. DEFENDANTS A-PARA TRANSIT CORP. and/or DOES employ numerous Class members who work in Alameda County, in California.

## II.   PARTIES

**A.   Plaintiffs.**

29. At all relevant times, herein, Plaintiff DARRYL FOSTER is and was a resident of California. At all relevant times, herein, he was employed by DEFENDANTS A-PARA TRANSIT CORP. and/or DOES within the last four (4) years as a non-exempt bus driver in California.

30. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

31. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

32. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies and/or practices of failing to pay all straight time and overtime wages

owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

33. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

34. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies of failing to provide cool down recovery periods.

35. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, DEFENDANTS and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

36. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, DEFENDANT'S and/or DOES' failure to pay, in a timely manner, compensation owed to Non-Exempt Employees, including Plaintiff, upon termination of their employment with A-PARA TRANSIT CORP. and/or DOES was willful.

37. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

38. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS A-PARA TRANSIT CORP.'S and/or DOES' failure to provide personnel records within thirty (30) days of filing a request for personnel records.

39. Plaintiff and the proposed class are covered by, inter alia, California IWC Occupational Wage Order No. 9-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

**B.** **DEFENDANTS**.

40. A-PARA TRANSIT CORP. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites, and, at all times during the liability period, have conducted business in Alameda County and elsewhere within California. At these work sites and throughout California, DEFENDANTS A-PARA TRANSIT CORP. and/or DOES have, among other things, employed persons as workers, drivers, bus drivers, bus operators, and/or other similar job designations.

41. A-PARA TRANSIT CORP. claims to be, "the one stop shop for all your transportation needs ranging from single contractor to multi center transportation." A-PARA TRANSIT CORP., HTTP://WWW.APARATRANSIT.COM/SERVICES.PHP, (LAST VISITED SEPTEMBER 4, 2018).

42. "APC's Team comprises the Chairman of the board and the company's original founders and owners. A-Paratransit's dedicated team has made it possible for us to grow from more than just a paratransit–services based company. Our ability to better understand the needs of our partners has given us the opportunity to help our local regional centers and their clientele." *Id.*

43. However, Defendant fails to properly care for its employees by failing to pay all time worked. Without money to feed their families and pay their bills, A-Paratransit's employees cannot grow personally or reach their own success.

44. A-PARA TRANSIT CORP. and/or DOES employed Plaintiff and members of the proposed Class throughout the statutory liability period as non-exempt drivers, bus drivers, bus operators, and/or other similar job designations. On information and belief, A-PARA

TRANSIT CORP. and/or DOES employed Plaintiff and members of the proposed Class on an hourly basis within California. On information and belief, A-PARA TRANSIT CORP. and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class.

45. A-PARA TRANSIT CORP. and/or DOES principal place of business is in the State of California.

46. The true names and capacities, whether individual, corporate, associate, or otherwise, of DEFENDANTS DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these DEFENDANTS by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the DEFENDANTS designated hereinafter as DOES when such identities become known.

47. Plaintiff is informed and believes, and based thereon alleges, that each DEFENDANT and/or DOE acted in all respects pertinent to this action as the agent of the other DEFENDANTS and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT and/or DOES are legally attributable to the other DEFENDANTS and/or DOES.

## III.  CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by DEFENDANTS in the State of California as hourly, Non-Exempt drivers, bus drivers, bus operators, and/or other similar job

designations and titles during the period of the relevant statute of limitations.

Plaintiff also seeks to represent subclasses composed of and defined as follows:

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of five (5) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who

worked one (1) or more shifts in excess of twelve (12) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who separated their employment from DEFENDANTS.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by A-PARA TRANSIT CORP. and/or DOES in the State of California as drivers, bus drivers, bus operators, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were deducted wages for meal periods.

49. Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

50. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity.**

51.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that A-PARA TRANSIT CORP. and/or DOES currently employ, and during the liability period employed, over fifty (50) employees, non-exempt employees that are drivers, bus drivers, bus operators, and/or other similar job designations and titles in Alameda County and dispersed throughout California during the liability period and who are or have been affected by A-PARA TRANSIT CORP.'S and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of separation from employment, failure to provide recovery periods, failure to timely pay waiting time monies, failure to provide personnel records upon request, and knowing and intentional failure to provide accurate and itemized employee wage statements.

52.    Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges A-PARA TRANSIT CORP.'S and/or DOES' employment records will provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

**B.    Commonality.**

53.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

            (1)    Whether A-PARA TRANSIT CORP. and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

            (2)    Whether A-PARA TRANSIT CORP.'s and/or DOES'

uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether A-PARA TRANSIT CORP. and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether A-PARA TRANSIT CORP. and/or DOES violated Labor Code section 226.7 and/or California Code of Regulations, Title 8, section 3395, by failing to authorize, permit, and/or provide recovery periods to its hourly, non-exempt employees in accordance with section 3395.

(5)     Whether A-PARA TRANSIT CORP. and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left A-PARA TRANSIT CORP.'s and/or DOES' employ or who were terminated.

(6)     Whether A-PARA TRANSIT CORP. and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left A-PARA TRANSIT CORP.'s and/or DOES' employ or who were terminated.

(7)     Whether A-PARA TRANSIT CORP. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8)     Whether A-PARA TRANSIT CORP. and/or DOES had uniform policies and/or practices of failing to provide personnel file upon request.

(9)     Whether A-PARA TRANSIT CORP. and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left A-PARA TRANSIT CORP.'s and/or DOES' employ or who were terminated.

54.     The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

55.     Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.     Typicality.**

56.     The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by A-PARA TRANSIT CORP.'S and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

57.     Plaintiff DARRYL FOSTER was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as DARRYL FOSTER was subjected to the same unlawful policies and practices as all hourly non-exempt employees, his claims are typical of the class he seeks to represent.

**D.     Adequacy of Representation.**

58.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

59.     Plaintiff is ready and willing to take the time necessary to help litigate this case.

60.     Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class.

61. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

62. Specifically, William Turley, Esq., David Mara, Esq., Jamie Serb, Esq., and Tony Roberts, Esq., and Alexandra Shipman, Esq. are California lawyers in good standing.

63. Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

64. Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

65. Mr. Turley and Mr. Mara wrote winning amicus briefs in two very worker friendly California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257 and *Williams v. Superior Court* (decided July 13, 2017).

66. Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

67. Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

68. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, Brinker v. Superior Court and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

69. Mr. Turley testified before the California Senate in a committee hearing on September 3, 2015, regarding the new piece-rate bill, California Labor Code § 226.2.

70. On April 12, 2016 and April 20, 2016, Mr. Turley testified in front of the California Senate regarding an amendment to California Labor Code §§ 2698, *et seq*, the "Private Attorneys General Act" or "PAGA." Furthermore, Mr. Turley also participated in drafting the new amendment to PAGA.

71. The Turley & Mara Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

1   72.  Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously
2        prosecute this case.

3   **E.  Superiority of Class Action.**

4   73.  A class action is superior to other available means for the fair and efficient adjudication of
5        this controversy. Individual joinder of all Class members is not practicable, and questions
6        of law and fact common to the Class predominate over any questions affecting only
7        individual members of the Class. Each member of the Class has been damaged and is
8        entitled to recovery by reason of A-PARA TRANSIT CORP.'S and/or DOES' illegal
9        policies and/or practices of failing to pay all straight time and overtime wages owed, failing
10       to permit or authorize rest periods, failing to provide recovery periods, failing to provide
11       meal periods, failing to provide personnel records, knowingly and intentionally failing to
12       comply with wage statement requirements, and failing to pay all wages due at termination.

13  74.  Class action treatment will allow those similarly situated persons to litigate their claims in
14       the manner that is most efficient and economical for the parties and the judicial system.
15       Plaintiff is unaware of any difficulties that are likely to be encountered in the management
16       of this action that would preclude its maintenance as a class action.

17  75.  Because such common questions predominate over any individualized issues and/or
18       questions affecting only individual members, class resolution is superior to other methods
19       for fair and efficient adjudication.

20  **IV.  CAUSES OF ACTION**
21       **FIRST CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. AND/OR**
         **DOES: Failure to Pay All Straight Time Wages**

22  76.  Plaintiff and those similarly situated Class members hereby incorporate by reference each
23       and every other paragraph in this Complaint herein as if fully plead.

24  77.  DEFENDANTS and/or DOES have had a continuous policy of not paying Plaintiff and
25       those similarly situated for all hours worked.

26  78.  It is fundamental that an employer must pay its employees for all time worked. California
27       Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

28

1   Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section
2   223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section
3   1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only
4   permits deductions from wages when the employer is required or empowered to do so by
5   state or federal law or when the deduction is expressly authorized in writing by the
6   employee for specified purposes that do not have the effect of reducing the agreed upon
7   wage.

8   79.  Plaintiff and those similarly situated Class members were employed by A-PARA
9        TRANSIT CORP. and/or DOES at all relevant times. A-PARA TRANSIT CORP. and/or
10       DOES were required to compensate Plaintiff for all hours worked and were prohibited from
11       making deductions that had the effect of reducing the agreed upon wage.

12  80.  DEFENDANTS and/or DOES have had a continuous policy of not paying Plaintiff and
13       those similarly situated for all hours worked. Specifically, DEFENDANTS and/or DOES
14       have not paid for all time employees worked throughout the day. Including, but not limited
15       to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when
16       the employees were performing work tasks, subject to the control of employer and/or
17       otherwise had work duties.

18  81.  DEFENDANTS and/or DOES have a continuous and consistent policy of clocking-out
19       Plaintiff and those similarly situated for a thirty (30) minute meal period, even though
20       Plaintiff and all members of the Class work through their meal periods. Thus, A-PARA
21       TRANSIT CORP. and/or DOES do not pay Plaintiff and each and every member of the
22       Class for all time worked each and every day they work without a meal period and have
23       time deducted.

24  82.  Plaintiff and those similarly situated Class members are informed and believe and thereon
25       allege that A-PARA TRANSIT CORP. and/or DOES breached the legal duty to pay full
26       wages to Plaintiff by deducting a portion of the wages earned when Plaintiff's and the Class
27       members' actual time records indicate that a meal period was not taken. A-PARA
28

1    TRANSIT CORP. and/or DOES did not make reasonable efforts to determine whether the

2    time deducted was actually worked as reported by Plaintiff and Class members. A-PARA

3    TRANSIT CORP. and/or DOES, without a reasonable basis, presumed that actual reported

4    hours had not been accurately reported. The conduct complained of is a form of what is

5    sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law.

6    83.    DEFENDANTS and/or DOES have a continuous and consistent policy of not paying

7    Plaintiff and those similarly situated for all time worked, including before Plaintiff and

8    those similarly situated clock in for work shifts and after they clock out after work shifts.

9    84.    DEFENDANTS and/or DOES have a continuous and consistent policy of shaving the time

10    Plaintiff and those similarly situated work (referred to as "time shaving").

11    85.    Thus, A-PARA TRANSIT CORP. and/or DOES shave/steal earned wages from Plaintiff

12    and each and every member of the Class each and every day they work. A-PARA

13    TRANSIT CORP. and/or DOES have not paid Plaintiff and the members of the Class all

14    straight time wages owed.

15    86.    Plaintiff and the Class members are informed and believe and thereon allege that as a direct

16    result of DEFENDANT'S and/or DOES' uniform policies and/or practices, Plaintiff and

17    the Class members have suffered, and continue to suffer, substantial unpaid wages, and

18    lost interest on such wages, and expenses and attorneys' fees in seeking to compel A-PARA

19    TRANSIT CORP. and/or DOES to fully perform their obligations under state law, all to

20    their respective damage in amounts, according to proof at trial.

21    87.    As a direct result of A-PARA TRANSIT CORP.'s and/or DOES' policy of illegal wage

22    theft, Plaintiff and those similarly situated have been damaged in an amount to be proven

23    at trial.

24    88.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

25    below.

26    **SECOND CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. AND/OR DOES: Failure to Pay All Overtime Wages**

27    89.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

28

1  and every other paragraph in this Complaint herein as if fully plead.

2  90.  It is fundamental that an employer must pay its employees for all time worked. California

3  Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

4  Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section

5  223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section

6  1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only

7  permits deductions from wages when the employer is required or empowered to do so by

8  state or federal law or when the deduction is expressly authorized in writing by the

9  employee for specified purposes that do not have the effect of reducing the agreed upon

10  wage.

11  91.  A-PARA TRANSIT CORP. and/or DOES failed to pay overtime when employees worked

12  over eight (8) hours per day and when employees worked over forty (40) hours per week.

13  92.  Plaintiff and those similarly situated Class members were employed by A-PARA

14  TRANSIT CORP. and/or DOES at all relevant times. A-PARA TRANSIT CORP. and/or

15  DOES were required to compensate Plaintiff for all overtime hours worked and were

16  prohibited from making deductions that had the effect of reducing the agreed upon wage.

17  93.  A-PARA TRANSIT CORP. and/or DOES failed to pay for the overtime that was due,

18  pursuant to IWC Wage Order No. 9-2001, item 3(A).

19  94.  DEFENDANTS and/or DOES have had a continuous policy of not paying Plaintiff and

20  those similarly situated for all hours worked. Specifically, DEFENDANTS and/or DOES

21  have not paid for all time employees worked throughout the day. Including, but not limited

22  to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when

23  the employees were performing work tasks, subject to the control of employer and/or

24  otherwise had work duties.

25  95.  Plaintiff and the Class members are informed and believe and thereon allege that as a direct

26  result of DEFENDANT'S and/or DOES' uniform policies and/or practices, Plaintiff and

27  the Class members have suffered, and continue to suffer, substantial unpaid overtime

28

wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to compel A-PARA TRANSIT CORP. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. A-PARA TRANSIT CORP. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. A-PARA TRANSIT CORP. and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

96.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**THIRD CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. AND/OR DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

97.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

98.    Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

99.    In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

100.   Under California Labor Code section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each

1      workday that the meal period is not provided.

2 101.   A-PARA TRANSIT CORP. and/or DOES failed to provide thirty (30) minute,
3      uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of
4      more than five (5) consecutive hours. As such, A-PARA TRANSIT CORP. and/or DOES
5      non-exempt employees were required to work over five (5) consecutive hours at a time
6      without being provided a thirty (30) minute uninterrupted meal period within that time.

7 102.   A-PARA TRANSIT CORP. and/or DOES failed to provide thirty (30) minute,
8      uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous
9      hours worked.

10 103.   A-PARA TRANSIT CORP.'s and/or DOES' business model is such that Non-Exempt
11      Employees were assigned too much work and insufficient help due to chronic understaffing
12      to be able to take meal periods. Thus, Non-Exempt Employees are not able to take meal
13      periods.

14 104.   Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES had a pattern
15      and practice of assigning too much work to be completed in too short of time frames,
16      resulting in Plaintiff and those similarly situated not being able to take meal periods.

17 105.   A-PARA TRANSIT CORP. and/or DOES would not permit Plaintiff and the Class to take
18      30-minute meal periods unless specifically scheduled by DEFENDANTS and/or DOES or
19      unless Plaintiff and the Class were expressly told to by DEFENDANTS and/or DOES. This
20      routinely resulted in Plaintiff and the Class members not being able to take a meal period,
21      if at all, until after the fifth hour.

22 106.   A-PARA TRANSIT CORP.'S and/or DOES' business model was such that non-exempt
23      employees were assigned too much work that could not reasonably be completed in their
24      assigned shift, work, and/or route, resulting in non-exempt employees routinely and
25      regularly being forced to eat their meals while driving and/or while working their routes.

26 107.   Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES had a pattern
27      and practice of assigning too much work to be completed in too short of time frames,
28

1    resulting in Plaintiff and those similarly situated not breaking route to take meal periods.

2  108.  Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES had a pattern

3    and practice of scheduling routes and assigning too much work to be completed in too short

4    of time frames, resulting in A-PARA TRANSIT CORP. and/or DOES pressuring non-

5    exempt employees to complete their routes and/or tasks within the rigorous time frames

6    and not take meal breaks.

7  109.  Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES had a pattern

8    and practice of scheduling routes and assigning too much work to be completed in too short

9    of time frames, resulting in A-PARA TRANSIT CORP. and/or DOES discouraging non-

10    exempt employees from taking meal periods.

11  110.  Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES had a pattern

12    and practice of scheduling routes and assigning too much work to be completed in too short

13    of time frames, resulting in A-PARA TRANSIT CORP. and/or DOES impeding non-

14    exempt employees from taking meal periods.

15  111.  Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES valued

16    productivity over providing meal periods and, because of this, meal breaks were not

17    priorities to A-PARA TRANSIT CORP. and/or DOES.

18  112.  Because of A-PARA TRANSIT CORP. and/or DOES demanding policies on route and/or

19    completion times, Plaintiff and those similarly situated felt that breaking to exercise their

20    rights to take meal periods would sacrifice their jobs with A-PARA TRANSIT CORP.

21    and/or DOES.

22

23  113.  Based on A-PARA TRANSIT CORP.'s and/or DOES' demanding route and/or task

24    completion time policies, Plaintiff and those similarly situated routinely worked through

25    their meal periods, which compromised the health and welfare of, not only Plaintiff and

26    those similarly situated, but all members of the general public.

27  114.  A-PARA TRANSIT CORP. and/or DOES did not have a policy of providing a second meal

28    period before the end of the tenth hour.

115. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, A-PARA TRANSIT CORP. and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 9.

116. As a result of the unlawful acts of A-PARA TRANSIT CORP. and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal periods through mutual consent with A-PARA TRANSIT CORP. and/or DOES.

117. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**FOURTH CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. AND/OR DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

118. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

119. Under IWC Wage Order No. 9, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

120. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

121. At all relevant times, DEFENDANTS and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

122. In the alternative, A-PARA TRANSIT CORP.'S and/or DOES' business model was such that non-exempt employees were assigned too much work that could not be reasonably completed within their assigned shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly being forced to work through their rest periods.

123. Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take rest periods.

124. Because of A-PARA TRANSIT CORP.'S and/or DOES' demanding policies and/or task completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take rest breaks would sacrifice their jobs with A-PARA TRANSIT CORP. and/or DOES.

125. Throughout the statutory period, A-PARA TRANSIT CORP.'S and/or DOES' uniform policies and practices resulted in non-exempt employees not receiving rest breaks.

126. Throughout the statutory period, A-PARA TRANSIT CORP. and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to A-PARA TRANSIT CORP. and/or DOES.

127. Throughout the statutory period, A-PARA TRANSIT CORP.'s and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to rest periods.

128. Based on A-PARA TRANSIT CORP. and/or DOES demanding route and work policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

129. As a result of the unlawful acts of A-PARA TRANSIT CORP. and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage

1    Order No. 9-2001.

2    130.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

3    below.

**FIFTH CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. AND/OR**
4    **DOES: Failure to Provide Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title**
**8 § 3395)**
5

6    131.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

7    and every other paragraph in this Complaint herein, as if fully plead.

8    132.    Under California Code of Regulations, Title 8, section 3395(d)(1), "[w]hen the outdoor

9    temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and

10    maintain one or more areas with shade at all times while employees are present that are

11    either open to the air or provided with ventilation or cooling." Cal. Code of Reg. Title 8, §

12    3395(d)(1).    Furthermore, "[t]he amount of shade present shall be at least enough to

13    accommodate the number of employees on recovery or rest periods, so that they can sit in

14    a normal posture fully in the shade without having to be in physical contact with each

15    other." *Id.*

16    133.    "Employees shall be allowed and encouraged to take a preventative cool-down rest in the

17    shade when they feel need to do so to protect themselves from overheating." Cal. Code of

18    Reg. Title 8, § 3395(d)(3). "Such access to shade shall be permitted at all times." *Id.*

19    134.    A-PARA TRANSIT CORP. and/or DOES failed to permit access to shade and preventative

20    cool down rest and/or recovery periods to Plaintiff and the Class members when the

21    temperature reached eighty (80) degrees Fahrenheit. Specifically, Plaintiff and the Class

22    members work in Sacramento during the summer and autumn months, when temperatures

23    frequently exceed eighty (80) degrees Fahrenheit. However, DEFENDANTS A-PARA

24    TRANSIT CORP. and/or DOES do not allow and encourage Plaintiff and the Class

25    members to take preventative cool-down rest recovery periods in shaded areas when the

26    applicable temperatures are reached. Thus, DEFENDANTS A-PARA TRANSIT CORP.

27    and/or DOES failed to permit, allow, or encourage Plaintiff and the Class members to take

28    preventative cool down recovery periods in the shade to protect against overheating when

| | |
|---|---|
| 1 | the temperature exceeds eighty (80) degrees Fahrenheit. |
| 2 | 135. DEFENDANTS A-PARA TRANSIT CORP. and/or DOES failed to utilize any alternative |
| 3 | procedures for providing access to shade or equivalent protection to Plaintiff and the Class |
| 4 | members. DEFENDANTS A-PARA TRANSIT CORP. and/or DOES failed to implement |
| 5 | other cooling measures in lieu of shade at least as effective as shade in allowing employees |
| 6 | to cool. |
| 7 | 136. Therefore, A-PARA TRANSIT CORP. and/or DOES failed to provide preventative cool |
| 8 | down rest and/or recovery periods to Plaintiff and the Class members in accordance with |
| 9 | California Code of Regulations, Title 8, section 3395. |
| 10 | 137. As a result of the unlawful acts of A-PARA TRANSIT CORP. and/or DOES, Plaintiff and |
| 11 | the Class he seeks to represent have been deprived of premium wages, in amounts to be |
| 12 | determined at trial, and are entitled to recovery of such amounts, plus interest and penalties |
| 13 | thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7. |
| 14 | 138. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described |
| 15 | below. |
| 16 | **SIXTH CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. and/or DOES:** |
| 16 | **Knowing and Intentional Failure to Comply with Itemized Employee Wage** |
| 17 | **Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 9; Cal.** |
| 17 | **Code Regs., Title 8, § 11040)** |
| 18 | 139. Plaintiff and those similarly situated Class members hereby incorporate by reference each |
| 19 | and every other paragraph in this Complaint herein as if fully plead. |
| 20 | 140. Labor Code section 226 subdivision (a) requires DEFENDANTS and/or DOES to, inter |
| 21 | alia, itemize in wage statements and accurately report the total hours worked and total |
| 22 | wages earned. A-PARA TRANSIT CORP. and/or DOES have knowingly and intentionally |
| 23 | failed to comply with Labor Code section 226, subdivision (a), on each and every wage |
| 24 | statement provided to Plaintiff DARRYL FOSTER and members of the proposed Class. |
| 25 | 141. Labor Code section 1174 requires A-PARA TRANSIT CORP. and/or DOES to maintain |
| 26 | and preserve, in a centralized location, records showing the daily hours worked by and the |
| 27 | wages paid to its employees. A-PARA TRANSIT CORP. and/or DOES have knowingly |
| 28 | |

1     and intentionally failed to comply with Labor Code section 1174. The failure of A-PARA

2     TRANSIT CORP. and/or DOES, and each of them, to comply with Labor Code section

3     1174 is unlawful pursuant to Labor Code section 1175.

4 142.  A-PARA TRANSIT CORP. and/or DOES failed to maintain accurate time records - as

5     required by IWC Wage Order No. 9-2001(7), and Cal. Code Regs., Title 8 section 11090 -

6     showing, among other things, when the employee begins and ends each work period, the

7     total daily hours worked in itemized wage statements, total wages, bonuses and/or

8     incentives earned, and all deductions made.

9 143.  A-PARA TRANSIT CORP. and/or DOES have knowingly and intentionally failed to

10     provide Plaintiff and the Class members with accurate itemized wage statements which

11     show: "(1) gross wages earned, (2) total hours worked by the employee, . . . (4) all

12     deductions, provided that all deductions made on written orders of the employee may be

13     aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the

14     period for which the employee is paid, (7) the name of the employee and only the last four

15     digits of his or her social security number or an employee identification number other than

16     a social security number, (8) the name and address of the legal entity that is the employer

17     and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section

18     1682, the name and address of the legal entity that secured the services of the employer,

19     and (9) all applicable hourly rates in effect during the pay period and the corresponding

20     number of hours worked at each hourly rate by the employee[.]" Labor Code section

21     226(a).

22 144.  As a direct result of A-PARA TRANSIT CORP. and/or DOES unlawful acts, Plaintiff and

23     the Class he intends to represent have been damaged and are entitled to recovery of such

24     amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section

25     226.

26 145.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

27     below.

28   / / /

**SEVENTH CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

146. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

147. Plaintiff DARRYL FOSTER terminated his employment with A-PARA TRANSIT CORP. and/or DOES.

148. Whether Plaintiff DARRYL FOSTER voluntarily or involuntarily terminated his employment with A-PARA TRANSIT CORP. and/or DOES, DEFENDANTS and/or DOES did not timely pay him straight time wages owed at the time of his termination.

149. Whether Plaintiff DARRYL FOSTER voluntarily or involuntarily terminated his employment with A-PARA TRANSIT CORP. and/or DOES, DEFENDANTS and/or DOES did not timely pay him overtime wages owed at the time of his termination.

150. Whether Plaintiff DARRYL FOSTER voluntarily or involuntarily terminated his employment with A-PARA TRANSIT CORP. and/or DOES, DEFENDANTS and/or DOES did not timely pay him meal and/or rest period premiums owed at the time of his termination.

151. Numerous members of the Class are no longer employed by A-PARA TRANSIT CORP. and/or DOES. They were either fired or quit A-PARA TRANSIT CORP. and/or DOES' employ. A-PARA TRANSIT CORP. and/or DOES did not pay all timely wages owed at the time of their termination. A-PARA TRANSIT CORP. and/or DOES did not pay all premium wages owed at the time of their termination.

152. Labor Code section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

153. A-PARA TRANSIT CORP. and/or DOES failed to pay Plaintiff DARRYL FOSTER a sum certain at the time of his termination or within seventy-two (72) hours of his

1    resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to

2    the provisions of Labor Code section 203, Plaintiff DARRYL FOSTER is entitled to a

3    penalty in the amount of his daily wage, multiplied by thirty (30) days.

4    154.    When Plaintiff and those members of the Class who are former employees of A-PARA

5    TRANSIT CORP. and/or DOES separated from DEFENDANT'S and/or DOES' employ,

6    DEFENDANTS and/or DOES willfully failed to pay all straight time wages, overtime

7    wages, meal period premiums, and/or rest period premiums owed at the time of

8    termination.

9    155.    A-PARA TRANSIT CORP. and/or DOES failure to pay said wages to Plaintiff DARRYL

10    FOSTER and members of the Class he seeks to represent, was willful in that A-PARA

11    TRANSIT CORP. and/or DOES and each of them knew the wages to be due, but failed to

12    pay them.

13    156.    As a consequence of A-PARA TRANSIT CORP.'s and/or DOES' willful conduct in not

14    paying wages owed at the time of separation from employment, Plaintiff DARRYL

15    FOSTER and members of the proposed Class are entitled to thirty (30) days' worth of

16    wages as a penalty under Labor Code section 203, together with interest thereon and

17    attorneys' fees and costs.

18    157.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

19    below.

20    **EIGHTH CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. and/or
DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200,
et seq.)**

21

22    158.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

23    and every other paragraph in this Complaint herein as if fully plead.

24    159.    A-PARA TRANSIT CORP. and/or DOES failure to pay all straight time and overtime

25    wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in

26    lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at

27    time of termination, as alleged herein, constitutes unlawful activity prohibited by California

28    Business and Professions Code section 17200, et seq.

160. The actions of A-PARA TRANSIT CORP. and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

161. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to A-PARA TRANSIT CORP. and/or DOES unlawful acts and practices.

162. As a result of their unlawful acts, A-PARA TRANSIT CORP. and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. A-PARA TRANSIT CORP. and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that DEFENDANTS and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed Class.

163. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced by A-PARA TRANSIT CORP.'s and/or DOES' unfair trade practices.

164. As a direct and proximate result of the unfair business practices of A-PARA TRANSIT CORP. and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining A-PARA TRANSIT CORP. and/or DOES from engaging in the practices described herein.

165. The illegal conduct alleged herein is continuing, and there is no indication that A-PARA TRANSIT CORP. and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if A-PARA TRANSIT CORP. and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

166. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting A-PARA TRANSIT CORP. and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

167. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**NINTH CAUSE OF ACTION AGAINST A-PARA TRANSIT CORP. and/or DOES: Failure to Provide a Copy of Personnel Records Within 30 Days of Receiving Personnel File Requests from Employees (Labor Code §1198.5).**

168. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

169. California law provides that current and former employees, as a matter of right, are entitled to inspect and receive a copy of their personnel files and records. Pursuant to *Labor Code* section 1198.5, upon a written request from a current or former employee, or a representative, the employer shall provide a copy of the personnel records not less than 30 calendar days from the date the employer receives the request.

170. Plaintiff submitted a written Personal File Request to A-PARA TRANSIT CORP. on May 31, 2018, as well as July 25, 2018 via U.S. Mail. To date, Plaintiff has not received his personnel file from A-PARA TRANSIT CORP.

171. By failing to provide employees with personnel records within thirty (30) days of receiving an employee's personnel file request, A-PARA TRANSIT CORP. willfully violated the provisions of Labor Code section 1198.5.

172. Pursuant to California Labor Code section 1198.5(k), "[i]f an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement

as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer."

173. As a consequence of A-PARA TRANSIT CORP.'s and/or DOES' willful conduct in not providing a copy of personnel records within 30 days of the filing of a personnel records request, Plaintiff DARRYL FOSTER and members of the proposed Class are entitled to seven hundred fifty dollars ($750) as a penalty under Labor Code section 1198.5, together with interest thereon and attorneys' fees and costs.

174. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the Court determine that this action may be maintained as a class action;

B. For compensatory damages, in an amount according to proof at trial, with interest thereon;

C. For economic and/or special damages in an amount according to proof with interest thereon;

D. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

E. For compensation for all time worked;

F. For compensation for not being provided paid rest breaks;

G. For compensation for not being provided paid meal periods;

H. For compensation for not being provided paid preventative cool down rest and/or recovery periods;

I. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

J. For penalties owed for failure to provide a copy of personnel records within 30 days of receiving personnel requests from employees;

1    K. For all waiting time penalties owed;

2    L. That defendants be found to have engaged in unfair competition in violation of sections

3        17200 et seq. of the California Business and Professions Code;

4    M. That defendants be ordered and enjoined to make restitution to the Class due to their

5        unfair competition, including disgorgement of their wrongfully withheld wages

6        pursuant to California Business and Professions Code sections 17203 and 17204;

7    N. That an order of specific performance of all penalties owed be issued under Business

8        and Professions Code sections 17202;

9    O. That defendants be enjoined from continuing the illegal course of conduct, alleged

10        herein;

11    P. That defendants further be enjoined to cease and desist from unfair competition in

12        violation of section 17200 et seq. of the California Business and Professions Code;

13    Q. That defendants be enjoined from further acts of restraint of trade or unfair competition;

14    R. For attorneys' fees;

15    S. For interest accrued to date;

16    T. For costs of suit and expenses incurred herein; and

17    U. For any such other and further relief as the Court deems just and proper.

18    Dated: 9/17/18                THE TURLEY & MARA LAW FIRM, APLC

19

20

21                                 William Turley, Esq.
                                   David Mara, Esq.
22                                 Jamie Serb, Esq.
                                   Tony Roberts, Esq.
23                                 Alexandra Shipman, Esq.
                                   Representing Plaintiff DARRYL FOSTER
24                                 on behalf of himself, all others similarly situated,
25                                 and on behalf of the general public.

26

27

28

EXHIBIT B

21042027

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

A-PARA TRANSIT CORP.; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DARRYL FOSTER on behalf of himself, all others similarly situated,
and on behalf of the general public

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| **ALAMEDA COUNTY** |
| SEP 1 8 2018 |
| CLERK OF THE SUPERIOR COURT |
| By _Sue Peak_ |
| Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Alameda <br><br> 1225 Fallon Street <br> Oakland, CA 94612 | **CASE NUMBER:** <br> *(Número del Caso):* R G 1 8 9 2 0 9 8 5 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley & Mara Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121
(619) 234-2833

| | | |
|---|---|---|
| **DATE:** <br> *(Fecha)* SEP 1 8 2018 | Chad Finke Clerk, by <br> *(Secretario)* _Sue Peak_ | , **Deputy** <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William Turley, Esq. (SBN 122408)<br>The Turley & Mara Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br>TELEPHONE NO.: (619) 234-2833    FAX NO.: (619) 234-4048<br>ATTORNEY FOR *(Name)*: Plaintiff, Darryl Foster | **FILED<br>ALAMEDA COUNTY**<br><br>SEP 18 2018<br><br>CLERK OF THE SUPERIOR COURT<br>By _Sue Perks_<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Darryl Foster v. A-Para Transit Corp.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>**RG18920985** |
|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ✔ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 9 (Nine)
5. This case ✔ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/17/2018

Alexandra Shipman, Esq.
_____
(TYPE OR PRINT NAME)

☒ _(signature)_
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

BY FAX

# EXHIBIT D

THE TURLEY LAW FIRM, APLC
Attn:  Turley Esq, William
7428 Trade Street
San Diego, CA   92121

A-Para Transit Corp

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Foster | No. <u>RG18920985</u> |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| A-Para Transit Corp | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE:  10/30/2018   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE:  11/20/2018   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/19/2018              Chad Finke  Executive Officer / Clerk of the Superior Court

                                By  _Darnetha Oh_ Digital
                                                    _____
                                                              Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/20/2018.

                                By  _Darnetha Oh_ Digital
                                                    _____
                                                              Deputy Clerk

# EXHIBIT E

21191534
POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William Turley, Esq., 122408<br>The Turley and Mara Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br>TELEPHONE NO.: (619) 234-2833<br>ATTORNEY FOR *(Name):* Plaintiff | FILED<br>ALAMEDA COUNTY<br><br>SEP 2 1 2018 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Darryl Foster

DEFENDANT/RESPONDENT: A-Para Transit Corp., et al.

| CASE NUMBER: |
|---|
| RG18920985 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>A-Para Transit |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Summons, Complaint, Alameda ADR

3. a. Party served: A-Para Transit Corp.

   b. Person Served: SURBHI KUMAR - Person Authorized to Accept Service of Process

4. Address where the party was served: 1400 DOOLITTLE DR
   SAN LEANDRO, CA 94577

5. I served the party
   b. **by substituted service.** On (date): 09/19/2018    at (time): 3:35PM    I left the documents listed in item 2 with or
   in the presence of: Sonia Guswami (Accounts Manager) - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
      person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   A-Para Transit Corp.

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:                              John M. Butler
   b. Address:        One Legal - 194-Marin
                      504 Redwood Blvd #223
                      Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $    140.00
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No. 2017-1004
         (iii) County Contra Costa

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 09/20/2018

John M. Butler                                                    JOHN M BUTLER
(NAME OF PERSON WHO SERVED PAPERS)                               (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 12323634

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| William Turley, Esq., 122408 <br> The Turley and Mara Law Firm, APLC <br> 7428 Trade Street <br> San Diego, CA 92121 <br> ATTORNEY FOR *(Name):* Plaintiff | | (619) 234-2833 | |
| | | Ref. No. or File No. <br> A-Para Transit | |

| Insert name of court, judicial district or branch court, if any: |
|---|
| Oakland Civil <br> 1225 Fallon Street,  #109 <br> Oakland, CA 94612-4293 |

| PLAINTIFF: |
|---|
| Darryl Foster |

| DEFENDANT: |
|---|
| A-Para Transit Corp., et al. |

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: <br> RG18920985 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd., Suite 223 Novato, CA 94947.

On 09/20/2018, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Civil Case Cover Sheet, Summons, Complaint, Alameda ADR

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

A-Para Transit Corp.


SURBHI KUMAR

1400 DOOLITTLE DR

SAN LEANDRO, CA 94577

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.


Fee for Service: $ 140.00

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 09/20/2018 at Los Angeles, California.

One Legal - 194-Marin

504 Redwood Blvd #223

Novato, CA 94947

Khari Wyatt

OL# 12323634